**Booker MOORE, Plaintiff–Appellant,**

v.

**CITY OF CHICAGO, Defendant–Appellee.**

**No. 04–2796.**

United States Court of Appeals, Seventh Circuit.

Submitted Feb. 15, 2005.\*

Decided Feb. 18, 2005.

---

\* After an examination of the briefs and the record, we have concluded that oral argument is unnecessary. Thus, the appeal is submitted on the briefs and the record. *See* Fed. R.App. P. 34(a)(2).

Booker Moore, Chicago, IL, pro se.

Mara S. Georges, Office of the Corporation Counsel, Chicago, IL, for Defendant–Appellee.

Before POSNER, COFFEY, and WOOD, Circuit Judges.

## ORDER

Booker Moore, a former Chicago police officer, sued the City of Chicago in 1999, alleging racial discrimination and retaliation in violation of Title VII, 42 U.S.C. § 2000e *et seq.*, and 42 U.S.C. § 1981. The alleged discrimination stemmed from Moore's 1992 intra-department transfer, a move Moore claims occurred because he is African–American. The district court granted summary judgment to the defendant, finding that Moore's § 1981 claim was time-barred and that he failed to establish a prima facie case of discrimination or retaliation. Moore appeals, and we affirm.

Moore began working for the Chicago Police Department in 1964. In 1980, he was promoted to sergeant and in 1988 was assigned to the detective division of a property crimes unit. There, Moore was responsible for investigating felony and misdemeanor crimes. In October 1992 the department was restructured and several sergeants were transferred out of the detective division. At this time, Moore was transferred to a patrol division, but he retained his same title, salary, seniority, and benefits, and continued to supervise other police officers. Moore objected to the transfer and between 1992 and 1998 filed five discrimination complaints with the EEOC, complaining of continuing discrimination and retaliation for the EEOC filings. During this time, Moore claims that he received "lowered performance evaluations," unspecified "bogus assignments," and "unwarranted reprimands and suspensions." He continued to work as a sergeant in the patrol division until his retirement in 1999.

Moore originally filed suit in August 1999, claiming that he faced racial discrimination and was retaliated against for filing discrimination charges with the EEOC, in violation of Title VII, 42 U.S.C. §§ 2000e et seq. Then in May 2000, Moore amended his complaint to add a claim under 42 U.S.C. § 1981.

The district court granted summary judgment for the City on all claims. The court concluded that Moore's § 1981 complaint was time-barred because nearly eight years had passed between the allegedly discriminatory transfer in 1992 and his filing of the § 1981 claim in 2000. As

for Moore's Title VII claim of discrimination, the court determined that Moore could not establish a prima facie case because his transfer—which involved no change in title, salary, or benefits—was not an adverse employment action. Finally, the court determined that Moore could not make out a prima facie case of retaliation because he failed to show that he was treated differently than a similarly situated employee who had not complained to the EEOC.

On appeal, Moore argues that his § 1981 claim should not have been dismissed as time-barred because he continuously faced a racially hostile work environment from his transfer in 1992 through his retirement in 1999. Moore points to the five discrimination claims he filed with the EEOC covering that seven-year period as evidence of a "continuous pattern of unlawful employment practices." Moore also argues that the district court improperly applied a two-year rather than a four-year statute of limitations period. The City concedes that a four-year statute of limitations period is proper for claims under § 1981. *See Jones v. R.R. Donnelley & Sons Co.*, 541 U.S. 369, 124 S.Ct. 1836, 158 L.Ed.2d 645 (2004). Nonetheless, the City argues that Moore waived his § 1981 claim by failing to advance it in the district court and adds that the claim fails on the merits because Moore failed to show that the violation was caused by a governmental custom or policy.

To properly allege a claim under 42 U.S.C. § 1981, a plaintiff must show that the rights violation was caused by a " 'custom or policy within the meaning of *Monell [v. Dep't. of Social Servs.*, 436 U.S. 658, 694–95, 98 S.Ct. 2018, 56 L.Ed.2d 611 (1978).]' " *Looper Maint. Serv. Inc. v. City of Indianapolis*, 197 F.3d 908, 913 (7th Cir.1999) (quoting *Jett v. Dallas Indep. Sch. Dist.*, 491 U.S. 701, 735–36, 109 S.Ct. 2702, 105 L.Ed.2d 598 (1989)). But Moore never attempted to prove that the police department had an express municipal policy that led to a constitutional deprivation, or that it engaged in a widespread practice so well-settled that it had the effect of a custom, or that his injury was caused by someone with final policymaking authority. *See Perkins v. Lawson*, 312 F.3d 872, 875 (7th Cir.2002). Because Moore had the burden to demonstrate a governmental custom or policy, but failed to do so, his § 1981 claim is fundamentally doomed. *Smith v. Chicago Sch. Reform Bd. of Trs.*, 165 F.3d 1142, 1149 (7th Cir. 1999).

Moore also argues that the district court erred in dismissing his discrimination claim because the court incorrectly determined that his transfer out of the detective unit did not constitute an adverse employment action. He vaguely contends that his transfer resulted in decreased responsibility and a loss of the opportunity to "enhance his skills" and "advance his career," thereby altering the conditions of his employment.

Although adverse employment actions may extend beyond quantifiable losses, an employment decision must do more than merely upset the employee in order to be actionable. *O'Neal v. City of Chicago*, 392 F.3d 909, 911 (7th Cir.2004). To prove a materially adverse employment action, a plaintiff must demonstrate either that his fringe benefits or other financial terms of employment were diminished, or that a lateral transfer reduced his career prospects by preventing him from utilizing particular skills and experience, or that the skill requirements of his existing job were altered in ways that were humiliating, degrading, unsafe or unhealthy. *Id.* A purely lateral transfer that involves no reduction in pay and no more than a minor change in working conditions is not a ma-

748

terially adverse employment action. *Id.* at 911–12.

Moore failed to offer sufficient evidence that he suffered a materially adverse employment action. His transfer from the detective division to the patrol division did not alter his title, salary, seniority, or benefits. He cannot establish an adverse employment action through unsupported statements and subjective beliefs that his transfer resulted in decreased responsibility and lost opportunities to enhance his skills and advance his career. *See id.* at 913. Furthermore, his transfer is not the type of job transfer that could sustain his discrimination suit because it was to a materially equivalent position. *See, e.g., McKenzie v. Milwaukee County,* 381 F.3d 619, 625–26 (7th Cir.2004) (police officer's transfer from drug enforcement to a position that did not involve undercover work did not constitute an actionable adverse employment action, because the two positions were deemed materially equivalent); *O'Neal,* 392 F.3d at 913 (transfer from administrative sergeant to beat sergeant was not actionable adverse employment action, without objective evidence that promotions are more likely from the prior position than the latter).

Finally, Moore fails to develop an argument as to why the district court erred in dismissing his retaliation claim.

AFFIRMED.